FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 11, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JASON B.,[1] | No. 4:21-CV-05073-SAB |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S** |
| | **MOTION FOR SUMMARY** |
| COMMISSIONER OF SOCIAL | **JUDGMENT; GRANTING** |
| SECURITY ADMINISTRATION, | **DEFENDANT'S MOTION FOR** |
| Defendant. | **SUMMARY JUDGMENT** |

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 12, 13. The motions were heard without oral argument. Plaintiff is represented by Chad L. Hatfield; Defendant is represented by Nancy Zaragoza and Timothy M. Durkin.

Plaintiff brings this action seeking judicial review of the Commissioner of Social Security's final decision denying his application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and his application for supplemental security income (SSI) under Title XVI of the Social Security Act. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court denies Plaintiff's

---

[1] Pursuant to the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States, Plaintiff's name is partially redacted.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~1

Motion for Summary Judgment, ECF No. 12, and grants Defendant's Motion for Summary Judgment, ECF No. 13.

## I.    Jurisdiction

On January 17, 2018, Plaintiff filed an application for disability insurance. He alleged disability beginning July 1, 2016.

Plaintiff's application was denied initially and on reconsideration. On June 25, 2019, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On October 5, 2020, Plaintiff appeared with counsel, Chad Hatfield, and testified at a telephone hearing before ALJ Lori Freund. Dr. Irvin Belver, physical medical expert, Dr. Stephen Rubin, psychological medical expert, and Mark Mann, vocational expert also participated. The ALJ issued a decision on November 6, 2020, finding that Plaintiff was not disabled.

Plaintiff requested review by the Appeals Council; the Appeals Council denied the request on February 24, 2021. The Appeals Council's denial of review makes the ALJ's decision the "final decision" of the Commissioner of Social Security, which this Court is permitted to review. 42 U.S.C. § 405(g), 1383(c)(1)(3).

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on April 30, 2021. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II.    Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age,

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~2**

education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

**Step One**: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering to the fourth step, the ALJ must first determine the claimant's residual functional capacity. An individual's residual functional

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~3**

capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The residual functional capacity is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id.* At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III.    Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~4**

*Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

For claims filed on or after March 27, 2017,[2] like the present claim, new regulations apply regarding the evaluation of medical evidence. Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017). The new regulations eliminate any semblance of a hierarchy of medical opinions and state that the agency does not defer to any medical opinions. 20 C.F.R. §§ 404.1520c(a), 416.920c. Specifically, the rules eliminate the agency's "treating source rule," which gave special deference to certain opinions from treating sources. 82 Fed. Reg. at 5853. In articulating the ALJ's consideration of medical opinions for persuasiveness, the ALJ  considers the following factors: (1) Supportability and (2) Consistency; (3) Relationship with the claimant, including (i) length of treatment relationship; (ii) frequency of examinations; (iii) purpose of the treatment relationship; (iv) extend of the treatment relationship; (v)

---

[2] For claims filed prior to March 27, 2017, an ALJ was to give more weight to "those physicians with the most significant clinical relationship with the plaintiff." *Carmickle v. Comm'r*, 533 F.3d 1155, 1164 (9th Cir. 2008).

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~5**

examination relationship; (4) Specialization; and (5) Other factors, including whether the medical source has familiarity with the other evidence or an understanding of SSA's disability program's policies and evidentiary requirements. 20 C.F.R. §§ 404.1520c(b), 416.920c(b). The most important factors in evaluating the persuasiveness of medical opinions are supportability and consistency. 20 C.F.R. §§ 404.1520c(a), 416.920c(a).

> Supportability and consistency are further explained in the regulations:

> (1) *Supportability.*
> The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

> (2) *Consistency.*
> The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c); 416.920c(c).

When a medical source provides multiple medical opinions, the ALJ must articulate how it considered these opinions in a single analysis applying the above-listed factors. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). If equally persuasive medical opinions about the same issue are both equally well-supported and consistent with the record, but are not exactly the same, the ALJ must articulate how it considered the other most persuasive factors in making its decision. 20 C.F.R. §§ 404.1520c(c)(3), 416.920c(c)(3).

## IV.    Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized herein.

Plaintiff was 38 years old at the time of the hearing. He stopped working

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~6**

after he was in a motor vehicle accident in July, 2016. He experienced chest wall pain after the accident. Later MRI's revealed that he had fractured ribs. After his accident, he began to experience mental health challenges. He hears voices, and experiences depression and anxiety.

At the hearing, he testified the main symptom that keeps him from working is his chest pain. He testified that the pain causes him to be distracted, makes it difficult to sleep, and he needs to lie down during the day. He testified that any type of repetitive hand motion results in chest pain that travels down his arm into his hand. He testified that he no longer plays computer games because of the pain from the repetitive motion. He testified that he hears voices once a week.

**V. The ALJ's Findings**

The ALJ issued an opinion affirming denial of benefits. AR 15-28. The ALJ found that Plaintiff met the insured status requirements through December 31, 2021. AR 17. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since July 1, 2016 through his date last insured of June 30, 2013. AR 17.

At step two, the ALJ identified the following severe impairments: chest wall pain (non-cardiac); obesity; and major depressive disorder with psychotic features. AR 18.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments, specifically Listing 1.02 (Major dysfunction of a joint(s) (due to any cause) and Listing 12.04. AR 18. Ultimately, the ALJ concluded that Plaintiff has a residual function capacity ("RFC") to perform:

> light work as defined in 20 CFR 404.1567(b) with the following limitations:
>
> He is able to lift and/or carry up to 20 pounds occasionally and 10 pounds frequently, stand and/or walk about six hours in an eight-hour workday and sit about six hours in an eight-hour workday. The

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~7**

claimant could never crawl or climbing ladders, ropes or scaffolds; occasionally climb ramps/stairs; frequently stoop, kneel, crouch and balance. The claimant can occasionally reach overhead with the bilateral upper extremities. He would need to avoid all unprotected heights and the operational control of moving machinery or hazards. He would need to avoid even concentrated exposure to excessive vibration and extreme temperatures. The claimant is limited to repetitive tasks—simple with some detail—not complex. He should avoid fast-paced production work or timed paced work. He could have occasional interaction with the general public and coworkers, but should avoid any tandem tasks. Finally, the claimant can handle occasional changes in the work setting.

AR at 19.

At step four, the ALJ found Plaintiff had past relevant work as a janitor, warehouse worker, and landscape laborer. but these jobs exceeded Plaintiff's current residual functional capacity and therefore, Plaintiff was unable to perform past relevant work. AR 26.

At step five, the ALJ found that Plaintiff was capable of performing work that exists in significant numbers in the national economy, including routing clerk, inspector hand packager, and merchandise marker, and therefore was not disabled. AR 27.

**VI. Issues for Review**

(1) Whether the ALJ properly evaluated the medical opinion evidence?

(2) Whether the ALJ properly evaluated Plaintiff's symptom testimony?

(3) Whether the ALJ properly conducted an adequate analysis at Step Five?

**VII. Discussion**

**(1) The ALJ's Evaluation of the Medical Opinion Evidence**

The ALJ found Dr. Belzer, the physical medical expert, to be somewhat persuasive; Dr. Rubin, the psychological medical expert, to be persuasive; the State Disability Determination Services (DDS) medical consultants' physical assessments and psychological consultants' mental assessments to be persuasive; and Dr. Rainey-Gibson to be persuasive; but found the opinion of Jessica Luther,

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~8**

ARNP, Plaintiff's primary care provider, unpersuasive.

Plaintiff argues the ALJ improperly evaluated the medical opinion evidence of Jessica Luther, ARNP. Ms. Luther treated Plaintiff in July 2016, then Plaintiff reestablished care in December 2017 to October 2018. On October 7, 2020, Ms. Luther provided a medical source statement and noted the following: (1) Plaintiff suffers from costochondral chest pain and major depressive disorder and psychosis; (2) he must sleep sitting up, and lifting makes his symptoms worse; (3) his range of motion is limited; (4) he has weakness of his upper extremities; (5) he must lie down for up to two hours during the day to alleviate his pain; (6) his medication may cause drowsiness; (7) his pain is consistent; (8) he needs frequent breaks; (9) he would miss four or more days per month of regular, continuous work due to daily chest pain; (10) he is limited to sedentary work with occasionally manipulative activities of his bilateral upper extremities; (11) he would be likely off task and unproductive over 30% of the time; and (12) his limitations have existed since at least 2016.

In finding ARNP Luther's opinion unpersuasive, the ALJ noted that while she evaluated him in 2016, she did not see him again until 15 months later. He noted that the record indicated he had relatively little treatment with ARNP Luther over the past year. The ALJ also noted that ARNP Luther's opinion was not supported by her treatment records, which demonstrated relatively few abnormal physical exam findings. In addition, the ALJ noted that ARNP's opinion was inconsistent with the longitudinal medical record that showed conservative treatment with physical therapy and intermittent pain medications.

Plaintiff argues the ALJ erred by mischaracterizing the treatment record, failing to address Ms. Luther's treatment notes and failing to offer any explanation of how Ms. Luther's opinion was inconsistent with the longitudinal medical record. Plaintiff asserts the ALJ ignored the fact that his condition has not improved despite physical therapy and there is no further treatment for his condition.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~9**

Contrary to Plaintiff's assertions, the ALJ's review of ARNP Luther's opinion is supported by the record and consistent with the record. In its opinion, the ALJ adequately presented the longitudinal record. A fair reading of the opinion adequately set forth those instances where ARNP Luther's opinion was not consistent with it. Notably, the ALJ noted that in February 2020, there was no chest tenderness on examination and also noted that the record suggests that Plaintiff's chest pains were associated with anxiety, which was being controlled by medication.

Consequently, the ALJ's evaluation of the medical opinions is supported by substantial evidence and is free of legal error.

### (2)    The ALJ's Evaluation of Plaintiff's Symptom Testimony

The ALJ found that Plaintiff's statements concerning the intensity, persistence and limiting effects of his pain symptoms to not be entirely consistent with the record as whole.

In determining whether a claimant's testimony regarding subjective pain or symptoms is credible, the ALJ engages in a two-step analysis. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id*. (citation and quotation omitted). If the claimant satisfies the first step of the analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of their symptoms "only by offering specific, clear and convincing reasons for doing so." *Id.* (citation and quotation omitted). "This is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases." *Id*. (citation and quotation omitted). That said, if the ALJ's credibility finding is supported by substantial evidence in the record, the Court may not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~10**

Here, the ALJ supported his credibility determinations with clear and convincing reasons. The ALJ noted that Plaintiff's allegations of bilateral arm weakness and numbness and alleged manipulation limitations are not supported by objective evidence of the record; noted the record shows that Plaintiff generally demonstrated normal range of motion, normal motor strength and no sensory deficits and noted that he had not reported any problems using his hands or gripping objects.

With respect to Plaintiff's alleged disabling mental impairments, the ALJ noted that Plaintiff had gradual improvement in his functioning with prescribed medication, and throughout the record, Plaintiff showed improvement and reported that he was generally doing well.

As such, the ALJ's credibility determinations are supported by substantial evidence and are free of legal error.

**(3)    Step Five Analysis**

Because the ALJ's evaluation of ARNP Luther and its credibility determinations are supported by substantial evidence and free of legal error, the ALJ's determination of Plaintiff's RFC was appropriate, and the Step Five analysis is supported by substantial evidence.

//
//
//
//
//
//
//
//
//
//

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~11**

Accordingly, **IT IS HEREBY ORDERED:**

1.      Plaintiff's Motion for Summary Judgment, ECF No. 12, is **DENIED**.

2.      Defendant's Motion for Summary Judgment, ECF No. 13, is **GRANTED**.

3.      The decision of the Commissioner is **AFFIRMED.**

4.      Judgment shall be entered in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 11th day of May 2022.

Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** ~12